FILED

03/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0101

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0101

DEERE & COMPANY, a Delaware Corporation,

Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY, HONORABLE
ELIZABETH A. BEST, Presiding Judge,

Respondent.

ORDER

MAR 2 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioner, Deere & Company (Deere), has filed a Petition for Writ of Supervisory Control alleging the Respondent, Montana Eighth Judicial District Court, Cascade County (District Court), is proceeding under a mistake of law and causing a gross injustice when it ordered Deere to produce particular discovery. This case arises out of a fire which was allegedly caused by a faulty bearing on a Deere hay baler. At issue is whether the Plaintiff in the underlying action, Joe Garrity (Garrity), is entitled to discovery of documents relating to other fires caused by bearings in other Deere equipment, and whether Garrity's lawyers may share that discovery with other injured parties in cases where fire was caused by bearings in Deere equipment. Garrity has filed a response to Deere's Petition. Trial is scheduled for May 9, 2022.

The District Court recognized that the parties agreed a protective order was appropriate but disagreed about the scope of discovery and how the discovery could be shared. The District Court and the parties met twice by telephone and the court thought the matter had been resolved informally until Garrity filed an emergency request for a hearing on February 15, 2022. The District Court held a hearing on February 23, 2022 and stated its ruling and reasons on the record. The court entered a written order the next day. The District Court ordered that Deere produce all ordinary work product from other cases in which a failed bearing was alleged to have caused a fire, regardless of the type of

equipment used; the court specified the production time frame included January 1, 1993 (10 years preceding the manufacturer of the round baler at issue) to present; the court adopted Garrity's proposed protective order setting forth the manner in which certain confidential documents were to be handled but denied Deere's 10-day notice request; and the court clarified Deere was not required to produce opinion work product or attorney-client communications. The District Court "maintained" the May 9, 2022 trial date.

Deere contends supervisory control is appropriate because:

1. Plaintiffs have failed to establish a substantial need to discover ordinary work product in Deere's closed claim files relating to fires caused by bearing failures;

2. The District Court erred in compelling discovery of bearing failure fire claims that occurred 10 years before the subject baler was manufactured;

3. The District Court erred in entering a sharing protective order; and

4. The District Court erred because the time investment required to produce the compelled discovery unfairly prejudices Deere's ability to prepare for trial.

Garrity responds that the information Deere must produce is subject to a protective order that restricts dissemination and future use of information discovered; that the information requested was timely under the District Court's scheduling order, and that Deere's asserted prejudice in complying with the District Court's order is a product of its own obstructive discovery.

Exercise of supervisory control is discretionary and done on a case-by-case basis. M. R. App. P. 14(3). "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citations omitted). Pretrial discovery disputes are typically not appropriate for the exercise of supervisory control. This Court will not micromanage discovery or perform exhaustive document review on supervisory control. We will nonetheless sparingly exercise supervisory control over interlocutory discovery matters when required under truly

2

extraordinary circumstances where the lower court is proceeding under a demonstrable mistake of law and the failure to do so "will place a party at a significant disadvantage in litigating the merits of the case." *Hegwood v. Mont. Fourth Judicial Dist. Court*, 2003 MT 200, ¶ 6, 317 Mont. 30, 75 P.3d 308 (citing *State ex rel. Burlington N. R. R. v. Mont. Eighth Judicial Dist. Court*, 239 Mont 207, 212, 779 P.2d 885, 889 (1989)). A trial court has "inherent discretionary power to control trial administration." *Henrickson v. State*, 2004 MT 20, ¶ 35, 319 Mont. 307, 84 P.3d 38.

This Court has reviewed the pleadings and attachments filed by the parties and considered the testimony, rulings, and the court's rationale in resolving this dispute. We are not persuaded that supervisory control is appropriate. The District Court made clear that discoverability does not equate to admissibility and took measures to protect the confidentiality of certain discovery. The District Court will continue to oversee any alleged discovery abuses and alleged errors of the District Court may be reviewed through the normal appeal process. Deere has not established that urgency or emergency factors exist making the normal appeal process inadequate or that the District Court is proceeding under a mistake of law and is causing a gross injustice.

Accordingly,

IT IS ORDERED that Deere's Petition for Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Elizabeth A. Best, Eighth Judicial District Court, Cascade County; Clerk of District Court, Cascade County; and counsel of record.

DATED this 22nd day of March, 2022.

Justices